UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RENARDO ROBERTSON, et al., | CASE NO. C19-1618 RSM |
| Plaintiffs, | ORDER |
| v. | |
| CATHOLIC COMMUNITY SERVICES OF WESTERN WASHINGTON, | |
| Defendant. | |

## I.     INTRODUCTION

This matter is before the Court on Defendant's motion to compel the production of records held by an attorney that previously represented Plaintiff on a different matter ("Motion to Compel"). Dkt. #32. Plaintiff's previous attorneys, Russell & Hill, PLLC ("R&H"), have refused to comply with Defendant's subpoena. R&H and Plaintiff oppose Defendant's Motion to Compel. For the following reasons, the Court grants the Motion.

## II.     BACKGROUND

In this action, Plaintiff brings claims of employment discrimination and retaliation, wrongful termination, and negligent infliction of emotional distress. Dkt. #1 at ¶¶ 104–141. Plaintiff seeks "actual, compensatory, economic, non-economic, special, general, and/or punitive damages." *Id.* at ¶ 141. Plaintiff also seeks recovery for emotional distress including pain and

ORDER – 1

1  suffering. *Id.* at p.18, ¶ B.  As the Court specifically found in a prior order resolving a separate
2  discovery dispute,

3      Plaintiff alleges that towards the end of 2018 he experienced "extreme stress" because of the discrimination and retaliation and was instructed by his doctor to
4      "take several days off of work." [Dkt. #1] at ¶ 48.  At the same time, "Plaintiff began his therapy sessions for work stress, and he has been undergoing []
5      treatment ever since." *Id.*  Plaintiff alleges that he had to again "take several more days off of work due to the extreme stress caused by the discrimination and
6      retaliation against him." *Id.* at ¶ 71.  The stress "became so overwhelming that he slipped into a downward spiral with depression, anxiety, and alcohol abuse and
7      had to undergo treatment for several weeks, per doctor's note." *Id.*

8  Dkt. #28 at 2.

9  Plaintiff was involved in an auto accident on November 19, 2017.  The parties and R&H
10 all agree that the accident was unrelated to Plaintiff's employment, that Plaintiff suffered some
11 damages, and that the matter was settled with the at-fault driver's insurance company with a
12 settlement agreement.  Defendant presumably does not know the identity of the insurance
13 company, the date the matter was resolved, the nature of Plaintiff's damages, or the terms of
14 settlement.  Plaintiff and R&H do not provide any of this information.

15 After Defendant learned of these events, Defendant issued a subpoena to R&H.
16 Defendant specifically sought:

17      non-privileged information relating to [Plaintiff]'s motor vehicle accident that took place on or about November 18, 2018,[1] including but not limited to:
18
19      (a) the settlement demand letter sent by your attorneys . . . seeking money damages for injuries or losses arising out of the motor vehicle accident; and

20      (b) the settlement agreement [] executed as part of the settlement of those claims.

21

22

23

---

24 [1] The parties agree the relevant accident occurred November 18, 2017, and that the subpoena's identification of "2018" was an error.

ORDER – 2

Dkt. #33 at 81. R&H accepted service of the subpoena and subsequently objected to the request. R&H objected that the subpoena: (1) was "vague and ambiguous,"[2] (2) sought "disclosure of privileged or confidential information,"[3] and sought "irrelevant documents."[4] *Id.* at 88–89. Defendant reiterated, by email, that "[t]he subpoena seeks all *non-privileged* documents in your possession . . . . including correspondence to insurers, settlement demand letters issued to third parties, [and] settlement agreements." *Id.* at 90 (emphasis in original). During a meet and confer prior to Defendant filing this Motion, R&H indicated that Defendant should acquire the information sought from "the at-fault (third party) insurer" involved in the settlement. Dkt. #35 at ¶ 5. Those involved were unable to resolve the dispute.

### III.   DISCUSSION

**A. Legal Standard**

Attorneys issuing subpoenas have a duty to "avoid imposing undue burden or expense on a person subject to the subpoena." FED. R. CIV. P. 45(d)(1). Upon receiving a subpoena,

---

[2] R&H objected that the subpoena was "vague and ambiguous" because it was "unclear from this language whether you are requesting the entire client or case file, absent 'privileged' information, whether you are referring solely to attorney-client privilege or some other privilege, and to what extent you are asking for 'privileged' documents to be redacted, withheld, and/or logged." Dkt. #33 at 88. R&H further asserted that the subpoena did not clarify "whether you are seeking confidential medical records, attorney work product, or any other sensitive documents in which [Plaintiff] may have a privacy interest." *Id.*

[3] R&H objected that the subpoena requested "disclosure of privileged or confidential information" because documents may be protected by the "work product doctrine, and/or confidential medical records and other documents that are likely protected by various other applicable privileges and privacy laws." *Id.*

[4] R&H objected that the subpoena sought "irrelevant documents" because the 2017 accident "was not related in any way to nor caused by any employer, to [Defendant], was not work-related, not related to race or discrimination, or any claims or claims for damages in the current litigation." *Id.* at 88–89.

ORDER – 3

recipients may comply, object, or move to quash or modify the subpoena. FED. R. CIV. P. 45(d). A court is to quash or modify a subpoena that:

> (i) fails to allow a reasonable time to comply;
>
> (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
>
> (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
>
> (iv) subjects a person to undue burden.

FED. R. CIV. P. 45(d)(3). Upon failing to obey a lawful subpoena without an adequate excuse, a recipient may be held in contempt. FED. R. CIV. P. 45(g).

Subpoenas are further limited by the scope of discovery allowed under Federal Rule of Civil Procedure 26. Under that rule, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b)(1). "Information within the scope of discovery need not be admissible in evidence to be discoverable." *Id.* The Rule makes clear that "[t]he parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes." FED. R. CIV. P. 26, Advis. Comm. Notes for 2015 Amends. Even where evidence is relevant and proportional, the Court may limit discovery where "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." FED. R. CIV. P. 26(b)(2)(C)(i).

**B. Subpoena Seeks Information Within the Permissible Scope of Discovery**

Here, Defendant establishes that the material sought is within the permissible scope of discovery. Defendant argues that the accident is relevant to "job accommodations [Plaintiff] sought while working for Defendant, and because they may shed light on 'causation and magnitude' of Plaintiff's alleged emotional distress." Dkt. #32 at 5. The Court agrees that

ORDER – 4

1  Plaintiff's injuries from the auto accident and their impact upon his life are clearly relevant to his

2  claims in this case. Plaintiff continues to indicate that he is specifically claiming that the

3  employment discrimination caused "emotional distress resulting in anxiety, depression, alcohol

4  abuse, and the need for ongoing mental health treatment." Dkt. #36 at 5. True, Plaintiff does not

5  allege that the discrimination harmed him emotionally until late 2018. But the parties have not

6  given any indication that the 2017 accident was necessarily resolved quickly or even within a

7  year.[5] Put simply, "Defendant will be able to obtain more information about Plaintiff's condition

8  before and during the period of the alleged discrimination." Dkt. #32 at 6 (citations omitted).

9  **C. R&H Does Not Raise Valid Objections**

10  The Court first notes that neither R&H or Plaintiff has sought to quash the subpoena or a

11  protective order. Further, the Court notes that R&H advances new objections before the Court,

12  not the ones it initially raised with Defendant.[6] Principally, R&H asserts that the subpoena will

13  be an "undue burden" because compliance with the subpoena may cause a loss of goodwill on

14  the part of Plaintiff. Dkt. #34 at 4 (citing *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 684 (2006)).

15  But as Defendant notes, the ruling in *Gonzales* flowed from a perceived violation of the

16  customer's expectation to privacy. Plaintiff surely did not have a reasonable expectation of

17  privacy in *non-privileged* documents that were shared with a third-party insurance company.

18  Likewise, R&H claims that the subpoena poses an undue burden on it because Defendant

19  could just as easily obtain the information from the third-party insurance company without any

---

[5] The Court finds Defendant's argument that the accident is linked to job accommodations requested by Plaintiff to be underdeveloped as Defendant does not make clear how the issue is related to Plaintiff's claims in this case.

[6] Specifically, the Court notes that R&H no longer asserts privilege or confidentiality. Presumably, this is because the subpoena sought only non-privileged documents—primarily those shared with third parties. R&H does not explain why it has not produced easily identifiable and clearly unprotected records that are responsive to the subpoena.

ORDER – 5

concern about privilege, loss of goodwill, or breach of duties owed. Dkt. #34 at 5. That may be, but it does not establish that it would be an undue burden for R&H to respond to the subpoena—only that another party may be less burdened. Further, the argument is disingenuous in this case, where Defendant does not know the identity of the third-party insurer and neither Plaintiff nor R&H will provide Defendant the information. Obtaining the information from an unidentified insurer is not a simple charge and is certainly not so simple that the undefined "burden" on R&H is necessarily an undue burden.

Lastly, R&H asserts that it is limited by the Washington State Rules of Professional Conduct to not "[u]se information relating to the representation to the disadvantage of the former client." Dkt. #34 at 5 (quoting RPC 1.9(c)). This argument lacks a factual basis as there is no indication that R&H "uses" the information by disclosing it pursuant to a valid subpoena or that the information will necessarily work "to the disadvantage of the former client." R&H's arguments are wholly under-developed and unavailing.

R&H shall comply with the lawfully issued subpoena.[7]

**D. Plaintiff's Response**

The Court need not consider Plaintiff's response as it was not timely filed. Defendant's Motion to Compel was correctly noted for the Court's consideration on June 5, 2020. *See* LCR 7(d)(3) (all other motions to be noted on third Friday after filing). Pursuant to the Court's local rules, "[a]ny opposition papers shall be filed and served not later than the Monday before the noting date." *Id*. Plaintiff's response was not filed and served on Monday, June 1, 2020, but on Tuesday, June 2, 2020. Accordingly, Plaintiff's response is untimely and need not be considered.

---

[7] The Court notes that much of its analysis is unlikely to apply equally to a settlement demand sent by Plaintiff and a settlement agreement between Plaintiff and the insurance company. However, R&H has chosen not to make document-specific arguments, arguing instead that any response is an undue burden.

ORDER – 6

However, even if the Court were to consider Plaintiff's response, the arguments would not alter the Court's analysis. Plaintiff makes many of the same arguments the Court has already rejected. For those arguments the Court has not addressed directly, the Court notes that Defendant's Reply generally explains why those arguments fail. *See* Dkt. #37.

**E. Attorneys' Fees**

Defendant requests that it be awarded attorneys' fees and costs should the Court rule in its favor. Dkt. #32 at 7–8; Dkt. #37 at 5. Defendant relies upon Federal Rule of Civil Procedure 45(g) (court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it"). Here, R&H objected to the subpoena, which is an appropriate response to the subpoena. The Court finds that the issue of attorneys' fees is better addressed should R&H fail to comply with this Order. *See Pennwalt Corp. v. Durand-Wayland, Inc.*, 708 F.2d 492 (9th Cir. 1983).

### IV.     CONCLUSION

Having considered Defendant's motion, the relevant briefing, the declarations and records submitted in support thereof, and the remainder of the record, the Court hereby finds and ORDERS that Defendant's Motion to Compel Production of Documents by Russell & Hill, PLLC, in Response to Defendant's Subpoena and For Attorney Fees (Dkt. #32) is GRANTED in part and DENIED in part. No later than seven (7) days from the date of this Order, Russell and Hill, PLLC, shall fully comply with the subpoena served by Defendant Catholic Community Services of Western Washington.

Dated this 23rd day of June, 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 7