UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RENARDO ROBERTSON, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CATHOLIC COMMUNITY SERVICES OF WESTERN WASHINGTON,<br><br>Defendant. | CASE NO. C19-1618 RSM<br><br>ORDER |

This case is before the Court on two interconnected issues.  First Plaintiffs'[1] counsel, Ms. Teravainen, seeks to withdraw as attorney of record for Plaintiff in this case.  Dkt. #41.  Plaintiff, Mr. Robertson, filed several "responses" to the motion.  Dkts. #42, #43, #45.[2]  In part to allow

---

[1] Both Renardo Robertson and Donna Robertson, his wife, are named as plaintiffs in this action. However, Ms. Robertson appears to have been included merely to account for any possible community property issues.  The Court therefore uses the singular in this order.

[2] Mr. Robertson's filings appear largely duplicative.  Mr. Robertson's first filing was unsigned. Dkt. #42.  His second filing, several days later, was a slightly altered and signed copy of his first, attaching an addendum and some medical records.  Dkt. #43.  Mr. Robertson's third filing appears to be a copy of his second, with non-substantive markings and without the medical records included with the second.  Dkt. #45.  The Court cannot not discern any substantive difference between the second and third filings, though the third is more legible in several places. Accordingly, the Court will focus its attention on Mr. Robertson's second filing, the most complete.  To the extent the Court considers Mr. Robertson's third filing, it is only to aid in reading the second filing.

ORDER – 1

1 Mr. Robertson time to secure new representation, the parties have also filed a stipulation seeking
2 continuances of looming discovery deadlines. Dkt. #46. Mr. Robertson similarly objects to the
3 stipulated continuance by way of a pro-se response. Dkt. #47. Having considered the issues, the
4 Court grants the pending motions as follows.

5 Pursuant to Local Civil Rule 83.2, "no attorney shall withdraw an appearance in any case,
6 civil or criminal, except by leave of court. Leave of court shall be obtained by filing a motion or
7 a stipulation and proposed order for withdrawal." LCR 83.2(b)(1).[3] "When ruling on motions
8 to withdraw, courts consider: (1) the reasons why withdrawal is sought; (2) the prejudice
9 withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the
10 administration of justice; and (4) the degree to which withdrawal will delay the resolution of the
11 case." *Bernstein v. City of Los Angeles*, No. CV1903349PAGJSX, 2020 WL 4288443, at *1
12 (C.D. Cal. Feb. 25, 2020) (internal quotation marks and citations omitted). "The decision to grant
13 or deny an attorney's motion to withdraw as counsel is committed to the sound discretion of the
14 trial court." *Id.* (citing *LaGrand v. Stewart*, 133 F.3d 1253, 1269 (9th Cir. 1998)).

15 Plaintiff's motion to withdraw, written by Ms. Teravainen, is short on explanations. The
16 motion provides simply that her withdrawal will comply with Washington's Rule of Professional
17 Conduct guiding attorneys in declining or terminating representations. Dkt. #41 at 1 (citing
18 WASH. RULES OF PROF'L CONDUCT R. 1.16). The motion otherwise provides that: "Professional
19 considerations make it appropriate to seek leave to withdraw in this case." *Id.* This is consistent
20 with Rule 1.16's additional guidance. *See* WASH. RULES OF PROF'L CONDUCT R. 1.16. cmt. [3]
21 (indicating that courts should generally accept a "lawyer's statement that professional
22 //
23

---

24 [3] The local rule's exceptions do not apply here. LCR 83.2(b)(2)–(3).

ORDER – 2

considerations require termination of the representation"). Ms. Teravainen indicates that Rule of Professional Conduct 1.6 constrains her ability to share additional details. *Id.*[4]

For his part, Mr. Robertson's responses detail recent interactions with Ms. Teravainen, including "red flags" that made him "question Ms. Teravainen's litigation experience in employment law." Dkt. #43 at 2. Mr. Robertson complains of how Mr. Teravainen has pursued the case, indicates his belief that Ms. Teravainen has lied to the Court "in order to withdraw," and generally details his displeasure with the progress of this case. *Id.* at 5–7. Mr. Robertson does not clearly indicate that he would like Ms. Teravainen's representation to continue.[5]

The Court finds that Ms. Teravainen should be granted leave to withdraw. The relevant filings make clear that ongoing disputes persist between Plaintiff and his counsel. Defendant does not claim that the withdrawal will prejudice it in any way. Perhaps most importantly, Ms. Teravainen has taken steps to protect Mr. Robertson's interests. *See* WASH. RULES OF PROF'L CONDUCT R. 1.16(b)(1) (allowing withdrawal if it "can be accomplished without material adverse effect on the interests of the client"). As noted previously, discovery deadlines are approaching. *See* Dkt. #10 (setting an August 14, 2020, deadline for discovery motions and requiring discovery be completed by September 14, 2020). Not yet terminated as counsel of record, Ms. Teravainen has made continuing efforts to resolve ongoing discovery disputes with Defendant. Still, delay will result. As a general matter, the Court is disinclined to allow withdrawal within sixty days before the close of discovery. *C.f.* LCR 83.2(b)(1) (noting that attorneys "will ordinarily be permitted to withdraw until sixty days before the discovery cutoff date in a civil case"). However,

//

---

[4] Ms. Teravainen provides further factual background by way of a declaration filed with Plaintiff's Reply. *See* Dkt. #44-1 (detailing some ongoing interactions).

[5] In fact, Mr. Robertson appears to indicate that he plans to secure new counsel. Dkt. #47 at 2.

ORDER – 3

these concerns have been mitigated by the parties' subsequent stipulation to continue the trial date and unexpired pre-trial deadlines. *See* Dkt. #46.[6]

Accordingly, and having considered the motions, the related briefing, and the remainder of the record, the Court finds good cause to continue this matter and to allow withdrawal of counsel and hereby ORDERS:

1. Plaintiffs' Motion for Leave to Withdraw as Counsel for Plaintiffs (Dkt. #41) is GRANTED and Ms. Teravainen shall be terminated as counsel of record in this case.

2. Plaintiffs are now proceeding pro se in this matter unless or until new counsel makes an appearance on their behalf. Plaintiffs are advised to familiarize themselves with the Federal Rules of Civil Procedure and this Court's Local Rules. The Court's Local Rules can be found online at www.wawd.uscourts.gov under the heading "Local Rules & General Orders," found on the left side of the Court's homepage. Plaintiffs are responsible for complying with applicable Court orders and deadlines in this matter.

3. The Clerk shall update Plaintiffs' contact information on the docket and mail a copy of this Order to:

    Renardo and Donna Robertson
    8514 66th Pl. NE
    Marysville, WA 98270
    (425) 737-5465
    renardorobertson@yahoo.com

//

//

---

[6] The Court notes that Mr. Robertson has objected to the stipulated motion. Dkt. #47. However, the Court is not permitted to consider his objection given that Ms. Teravainen still serves as counsel of record. *See* Local Civil Rule 83.2(b)(4). Regardless, nothing in the objection alters the fact that withdrawal is appropriate and that a continuance will be required to allow new counsel to become familiar with the case.

ORDER – 4

4. Unless and until new counsel makes an appearance on Plaintiffs' behalf or provide the Court updated contact information, all future filings in this case shall be served on them at the above address.

5. The Joint Stipulated Motion to Continue Trial Date and to Amend Case Schedule (Dkt. #46) is GRANTED.  Trial is continued and all unexpired pre-trial deadlines are reset as follows:

| **Jury Trial Date** | | **07/12/2021** |
| --- | --- | --- |
| **Activity** | **Current Deadline** | **New Deadline** |
| Deadline for Filing Discovery Motions | 08/14/2020 | 02/15/2021 |
| Discovery Cut Off | 09/14/2020 | 03/15/2021 |
| Dispositive motions filing deadline | 10/13/2020 | 04/13/2021 |
| Deadline to hold mediation | 11/27/2020 | 05/27/2021 |
| Deadline for Motions in Limine noted for 3rd Friday thereafter | 12/14/2020 | 06/14/2021 |
| Agreed Pretrial Order | 12/30/2020 | 06/30/2021 |
| Pretrial conference to be scheduled by the Court | | |
| Trial Briefs, prop voir dire, jury instructions, neutral statement of the case, and trial exhibits due | 01/06/2021 | 07/06/2021 |

Dated this 12th day of August, 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 5