UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RENARDO ROBERTSON, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CATHOLIC COMMUNITY SERVICES OF WESTERN WASHINGTON, <br><br> Defendant. | CASE NO. C19-1618 RSM <br><br> ORDER GRANTING MOTION TO COMPEL AND AWARDING ATTORNEYS' FEES |

This case is before the Court on Defendant's Motion to Compel Discovery and for Attorney Fees. Dkt. #53. Defendant properly served interrogatories and requests for production on Plaintiff[1] in this matter. Dkt. #54 at 5–29. After receiving Plaintiff's discovery responses, Defendant has repeatedly notified Plaintiff of deficiencies in those responses. *See* Dkt. #54 at 42–53. Despite notice of alleged deficiencies, Plaintiff has not supplemented his responses. While failing to supplement and despite having several meet-and-confer conferences, Plaintiff has not provided any clear reason for his failure to supplement.[2]  Defendant seeks to compel

---

[1] Both Renardo Robertson and Donna Robertson, his wife, are named as plaintiffs in this action. However, Ms. Robertson appears to have been included merely to account for any possible community property issues. The Court therefore uses the singular in this order.

[2] A copy of Plaintiff's responses to Defendant's interrogatories and requests for production, and any initial objections raised therein, are not a part of the record before the Court.

ORDER – 1

supplemental responses and seeks the attorneys' fees associated with doing so.  For the following reasons, the Court grants the motion.

The scope of permissible discovery is broad:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Information within this scope of discovery need not be admissible in evidence to be discoverable.

FED. R. CIV. P. 26(b)(1).  If requested discovery is not answered, the requesting party may move for an order compelling such discovery.  FED. R. CIV. P. 37(a)(1).  "The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *Cable & Computer Tech., Inc. v. Lockheed Sanders, Inc.*, 175 F.R.D. 646, 650 (C.D. Cal. 1997).

Plaintiff has not responded to this motion.  Pursuant to local rule, "if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit."  Local Rules W.D. Wash. LCR 7(b)(2).  The Court does so here.  Further, the Court has reviewed the record made by Defendant and finds that none of the requests for Plaintiff to supplement his responses are patently unreasonable.  Plaintiff shall supplement his responses within ten (10) days of this Order.

Defendant further requests attorneys' fees in accordance with the Federal Rules of Civil Procedure.

> If the motion [to compel] is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable

ORDER – 2

    expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
      (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
      (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
      (iii) other circumstances make an award of expenses unjust.

FED. R. CIV. P. 37(a)(5)(A). The Court finds that an award of attorneys' fees is appropriate here. Plaintiff has been afforded an opportunity to respond to Defendant's motion—which explicitly requested fees—and has chosen not to. In light of Plaintiff's counsel's non-existent responses—to both this motion and Defendant's requests for supplemental discovery—the Court finds that both Plaintiff and his counsel, Rodney R. Moody, shall be responsible for paying Defendant's attorneys' fees. Further, the Court finds that Defendant has sought, in good faith, to obtain the requested discovery without the involvement of the Court, that Plaintiff's position was not substantially justified, and that no other circumstance makes an award of fees unjust. Lastly, the Court finds that the time spent by Defendant's counsel—3 hours—and the hourly rate claimed—$350 per hour—are both reasonable and no further adjustment is necessary. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (court begins by calculating lodestar); *Kerr v. Screen Guild Extras, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975) (court then considers whether adjustment is necessary).

    Accordingly, and having considered Defendant's motion and the remainder of the record, the Court finds and ORDERS that Defendant's Motion to Compel Discovery and for Attorney Fees (Dkt. #53) is GRANTED.

1. No later than ten (10) days from the date of this Order, Plaintiff shall supplement his responses to Defendant's discovery requests so as to remedy the deficiencies identified by Defendant's counsel. *See, e.g.*, Dkt. #54 at 50–53.

ORDER – 3

2. No later than thirty (30) days from the date of this Order, Plaintiff and his counsel, shall pay Defendant's attorneys' fees in the amount of $1,050.00 pursuant to Rule 37(a)(5)(A).

Dated this 21st day of January, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 4