THE HONORABLE RICARDO MARTINEZ

FILED
LODGED
RECEIVED

MAIL

JUN 07 2021

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                              DEPUTY

UNITED STATES DISTRICT COURT,
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RENARDO ROBERTSON, et al.,

Plaintiffs,

vs.

CATHOLIC COMMUNITY SERVICES OF
WESTERN WASHINGTON, a Washington
Public benefit Corporation

Defendant

No. 2:19-cv-01618-RSM

**PLAINTIFF'S PRETRIAL STATEMENT**

## JURISDICTION

Federal jurisdiction exists pursuant to Title VII of the Civil Right Act of 1964, 42 U.S.C. 2000e and 42 U.S.C. 1981.

## CLAIMS AND DEFENSES

**FIRST CLAIM**

**Disparate Treatment pursuant to Title VII of the Civil Rights Act, 42 U.S.C. 2000e-2 §1981A, 2000e-2**

1. Plaintiffs incorporate by reference paragraphs 1 through 103 above.

2. Plaintiff belongs to a protected class on the basis of his race (African-American).

3. Defendant treated Plaintiff less favorably than similarly

Renardo Robertson
8514 66th Pl NE
Marysville, Washington 98270
(425) 737-5465

situated non-African-

American employees in the terms or conditions of his employment and otherwise

discriminated against Plaintiff as set forth above.

4. Defendant subjected Plaintiff to discriminatory treatment at CCS because of his

race.

5. Defendant subjected Plaintiff to adverse employment action(s) because of his

race.

6. Defendant terminated Plaintiff's employment from CCS because of his race.

7. As a result and proximate cause of Defendant's conduct, Plaintiffs have suffered

injury and/or damages, for which they are entitled to recover actual, compensatory,

economic, non-economic, special, general, and/or punitive damages, in an amount to be

proven at trial.

**SECOND CLAIM**

**Race discrimination in violation of 42 U.S.C §1981**

1. Plaintiff belongs to a protected class on the basis of his race (African-American).

2. Defendant treated Plaintiff less favorably than similarly situated non-African-

American employees in the terms or conditions of his employment and otherwise

discriminated against Plaintiff as set forth above.

3. Defendant subjected Plaintiff to discriminatory treatment at CCS because of his

race.

4. Defendant subjected Plaintiff to adverse employment action(s) because of his

race.

5. Defendant's discrimination against Plaintiff with respect

Renardo Robertson
8514 66th Pl NE
Marysville, Washington 98270
(425) 737-5465

to the breach of the parties' employment relationship on the basis of Plaintiff's race is in violation of 42 U.S.C. § 1981 ("Section 1981").

6. The effect of these violations has been to deprive Plaintiff of rights and privileges which are enjoyed by non-African-American persons and protected by Section 1981.

7. As a result and proximate cause of Defendant's conduct, Plaintiffs have suffered injury and/or damages, for which they are entitled to recover actual, compensatory, economic, non-economic, special, general, and/or punitive damages, in an amount to be proven at trial.

**THIRD CLAIM**

**Retaliation in violation of Title VII of the Civil Rights Act 42 U.S.C. §§2000e-3, 1981a**

1. During his employment with CCS, Plaintiff engaged in protected opposition to what he believed in good faith to be unlawful discrimination against him by reporting the discrimination against him and/or others to his superior(s) at CCS.

2. Defendant took adverse employment action(s) against Plaintiff.

3. Defendant took adverse employment actions against Plaintiff because he engaged in protected opposition to what he believed in good faith to be unlawful discrimination against him.

4. As a result and proximate cause of Defendant's conduct, Plaintiffs have suffered injury and/or damages, for which they are entitled to recover actual, compensatory, economic, non-economic, special, general, and/or punitive damages, in an amount to be proven at trial.

Renardo Robertson
8514 66th Pl NE
Marysville, Washington 98270
(425) 737-5465

**FOURTH CLAIM**

**TORT CLAIM WRONGFUL DISCHARGE**

**IN VIOLATION OF PUBLIC POLICY**

1. Washington law, including but not limited to RCW 49.60 and 49.12.200, recognizes a clear public policy against discrimination in all its forms, on the basis of race.

2. Plaintiff engaged in conduct directly related to the clear public policies against unlawful discrimination in Washington State, the discouragement of which would jeopardize that

public policy.

3. Defendant thereafter terminated Plaintiff's employment.

4. Defendant terminated Plaintiff's employment because he engaged in protected opposition to what he believed in good faith to be discrimination and/or harassment against him made unlawful by Washington state law and pursuant, to which clear public policies are in place.

5. Defendant's conduct, acts, and/or omissions constitute(s) the tort of wrongful discharge in violation of public policy.

6. As a result and proximate cause of Defendant's conduct, Plaintiffs have suffered injury and/or damages, for which they are entitled to recover actual, compensatory, economic, non-economic, special, general, and/or punitive damages, in an amount to be proven at trial.

Renardo Robertson
8514 66th Pl NE
Marysville, Washington 98270
(425) 737-5465

**FIFTH CLAIM**

**TORT CLAIM FOR NEGLEGENCE INFLICTION OF EMOTIONAL DISTRESS**

1. Defendant's conduct, acts, and/or omissions constitute(s) the tort of negligent infliction of emotional distress.

2. As a result and proximate cause of Defendant's conduct, Plaintiffs have suffered injury and/or damages, for which they are entitled to recover actual, compensatory, economic, non-economic, special, general, and/or punitive damages, in an amount to be proven at trial.

## ADMITTED FACTS

1. On or about January 28, 2013, Plaintiff began working for CCS as a Veterans Housing Case Manager or SSVF (Supportive Service for Veteran Families) Case Manager in Everett, WA. Plaintiff came into this position with twenty-three years of honorable service in the United States Navy. Plaintiff is a veteran and was previously stationed in Bremerton, Oak Harbor, Everett, and Marysville. He retired from the Navy in 2009 as a Chief Petty Officer, E-7.

2. SSVF is a program administered by the United States Department of Veterans Affairs (VA). It provides grants and funding to organizations that provide outreach, case management, and housing services for military Veterans.

3. As SSVF Case Manager, Plaintiff was a member of the Service Employees International Union (SEIU), Healthcare 1199NW.

4. Plaintiff had a good work performance record throughout his time at CCS. In 2015, he earned Employee of the Year. In January 2018, CCS President Michael Reichert recognized him for helping CCS pass its financial audit.

Renardo Robertson
8514 66th Pl NE
Marysville, Washington 98270
(425) 737-5465

5. Upon information and belief, there were only approximately three (3) African or African-American employees, including Plaintiff, during the relevant period, out of a total of approximately 215 employees, in the CCS North workforce, which spans from Everett to Bellingham.

6. In late 2015, Sarah Jayne Barrett (Caucasian) became the Northwest Housing Director. In this position, she was Plaintiff's boss's boss.

7. In March-April 2016, Plaintiff asked Barrett, along with SSVF Program Director Patti Spaulding and SSVF Housing Manager Mary Wahl if he could apply for a Lead Case Manager position. Plaintiff was told that CCS did not have enough funding for a Lead position, but Plaintiff knew this was not true.

8. In October 2016, Spaulding told Plaintiff there was an increase in the SSVF grant for the new fiscal year, in the form of cost of living adjustments (COLAs), which could be used to support a Lead position. Despite this, Plaintiff still did not get a meaningful response to his expressed interest in securing a Lead position.

9. In October 2017, Plaintiff asked Wahl again about becoming a Lead Case Manager and did not get a meaningful response.

10. Plaintiff later found out from Spaulding that Spaulding had offered the Everett office an increase in funding, which Wahl had declined.

11. Upon information and belief, CCS received COLAs annually as part of its SSVF grants in order to pay SSVF employees more each year, but it did not pass those COLAs onto SSVF employees in Snohomish County.

12. In October 2017, Barrett hired Caucasian Rhonda Polly to be Plaintiff's fellow SSVF Case Manager in Everett. Plaintiff and Polly would be

Renardo Robertson
8514 66th Pl NE
Marysville, Washington 98270
(425) 737-5465

the only two SSVF Case Managers in Snohomish County. Plaintiff was concerned about Barrett's decision to hire Polly into this position because Polly had no relevant experience and had never worked with veterans before.

13. In December 2017, Plaintiff began working under a new supervisor, SSVF Program Supervisor Kelli Jo Hurley.

14. Hurley treated Polly better than Plaintiff. She assigned Plaintiff significantly more work and harder work than Polly. Plaintiff consistently worked more hours and performed more difficult jobs than Polly. Plaintiff managed and serviced all of the African-American Veteran clients, conducted outreach, and regularly worked out in the field with the homeless, for example, while Polly sat at a desk in the office and did paperwork.

15. Polly was also allowed to go through school and complete an internship, for which she missed work on a regular basis. She was also allowed to do her school work during work hours, while she was being paid hourly by CCS. She was also allowed to lie on her time sheets about how much work she was missing for school.

16. CCS management expected Plaintiff to train and lead Polly, but they refused to promote or pay him more for being a Lead or a trainer. Plaintiff also had to do "damage control" as a result of all the things Polly did not know how to do, which added even more to his workload. Because Plaintiff was the experienced and knowledgeable Case Manager of the two, everyone would reach out to or approach Plaintiff with questions, problems, and tasks, rather than Polly, which also added significantly more to his workload in comparison to Polly's.

17. Other Caucasian employees too, such as Josh Johnson,

Renardo Robertson
8514 66th Pl NE
Marysville, Washington 98270
(425) 737-5465

were also repeatedly allowed to violate CCS rules and policies without experiencing appropriate consequences.

18. In February 2018, Plaintiff asked Barrett and Human Resources Manager Cindy Price about becoming a Lead Case Manager. Plaintiff was told he could not be a Lead because there were not enough SSVF Case Managers for him to lead. This occurred shortly after Caucasian Whitney Summers had been hired as a Veteran Navigator in the Everett office in 2017, a position for which she was not qualified.

19. Barrett unilaterally created a rule that there had to be at least three SSVF Case Managers in any given individual office location in order for there to be a Lead SSVF Case Manager in that office. Barrett knew Plaintiff's Everett office location only had two SSVF Case Managers, although there were certainly numerous SSVF Case Managers throughout the Northern offices in need of a Lead. Upon information and belief, Barrett created this rule to prevent Plaintiff from becoming a Lead. Never before had this "three or more" rule been in existence or been mentioned or discussed, prior to Barrett using it as a justification for denying Plaintiff the opportunity to become a Lead.

***Plaintiff Engaged in Protected Opposition and Experienced Retaliation***

20. Sometime in May 2018, Plaintiff complained to Hurley about the disparate treatment he was experiencing in his position. Shortly before that, in April 2018, Plaintiff has also complained to Spaulding about race discrimination. Upon information and belief, neither Hurley nor Spaulding conducted any investigation or took any remedial action in response to Plaintiff's concerns.

21. On June 19, 2018, Plaintiff reported his concerns about disparate treatment and race discrimination to Vice-President of Human Resources

PLAINTIFF'S PRETRIAL STATEMENT
Page - 8

Renardo Robertson
8514 66th Pl NE
Marysville, Washington 98270
(425) 737-5465

Kim Williams and Reichert. Plaintiff also met with Hurley and Assistant Housing Director Rita Jo Case that day and expressed his concerns about discrimination and disparate treatment. In response, Hurley told Plaintiff to worry about his job and let them worry about the policies.

22. That same day, on June 19, 2018, Plaintiff filed a union grievance alleging discrimination, poor equal opportunity, and unfair employment practices. Plaintiff submitted his grievance to Hurley, Price, Williams, and Vice-President/Regional Chief of Operations/Agency Director Will Rice. None of them made any meaningful efforts to address Plaintiff's concerns.

23. On August 2, 2018, Plaintiff, *pro se*, contacted the Washington State Human Rights Commission (WSHRC) to file a Charge of Discrimination against CCS alleging race discrimination and retaliation. The following day, on August 3, 2018, WSHRC completed and filed the Charge.

24. On August 17, 2018, Plaintiff contacted emailed Rice, Reichert, and Williams and reminded them that it had been nearly sixty (60) days since he had filed his grievance, and still no meaningful action had been taken in response. Plaintiff also informed them that he had contacted WSHRC to file a Charge of Discrimination against CCS.

25. Four days later, on August 21, 2018, Williams finally met with Plaintiff for his Step 2 union grievance meeting. During this meeting, Plaintiff complained to Williams about a "Black Lives Matter" poster, which Barrett had displayed prominently on the second floor of the office. The display offended Plaintiff in particular because of the hypocrisy of Barrett professing an outward persona of promoting the importance of black lives, while at the same time discriminating against Plaintiff

Renardo Robertson
8514 66th Pl NE
Marysville, Washington 98270
(425) 737-5465

because of his race. Plaintiff asked to have the sign removed.

26. On September 11, 2018, Plaintiff told Williams he had contacted two outside agencies regarding his concerns. Williams had told Plaintiff she would investigate his concerns, but Plaintiff still had not received a meaningful response.

27. On September 13, 2018, Plaintiff was informed that his office space was being moved into a small hallway at the back of the building, right outside the bathroom. In that space, Plaintiff would be alone and ostracized from the rest of the workforce and from his Caucasian coworkers. Polly would be moving into a large office room with another case worker who was outside of the SSVF program. Previously, Plaintiff and Polly had been sharing a larger office room with two desks.

28. That same day, on September 13, 2018, Plaintiff asked Hurley why his office was being moved, and she responded, "the leadership has asked us to move." She gave no other explanation.

29. Plaintiff also realized that day that someone at work had stolen his plant from his office. The plant was a sentimental plant that had been given to him by a former CCS supervisor, who had later died.

30. The following day, on September 14, 2018, Plaintiff and Polly traveled for several hours round trip to CCS's Tacoma office to attend a workplace investigation and diversity training. This event was being held at the Tacoma office in response to race discrimination complaints African-American employees had made at that office. During this event, Plaintiff voiced his concerns about race discrimination in the Everett office as well.

31. On September 17, 2018, Plaintiff asked Price, in the

Renardo Robertson
8514 66th Pl NE
Marysville, Washington 98270
(425) 737-5465

presence of union delegate John McAlpine, why his office had been moved. Price had no meaningful response and seemed to be avoiding the question. That same day, the office change was carried out as planned.

32. Also that same day, on September 17, 2018, Plaintiff complained to Williams, Reichert, and Rice about unlawful retaliation and told them he intended to file a union grievance regarding his office being moved. Plaintiff filed a grievance later that day, alleging unlawful retaliation for reporting race discrimination.

33. Immediately thereafter, Plaintiff had to take several days off of work per his doctor's orders, due to extreme stress caused by the discrimination and retaliation he was facing at work. This was when Plaintiff began his therapy sessions for work stress, and he has been undergoing this treatment ever since.

34. Plaintiff notified WSHRC about the office move, in response to which WSHRC stated that his existing Charge of Discrimination would be amended.

35. While Plaintiff was out of work, on September 18, 2018, Williams delivered the results of her workplace investigation into Plaintiff's concerns to Plaintiff's union representative. Her Step 2 grievance response of course concluded that there was no wrongdoing by CCS.

36. Plaintiff's grievance proceeded through Step 3 in October 2018, with Plaintiff and his union representative continuing to complain about unlawful retaliation on September 26, 2018, October 3, 2018, and October 4, 2018. The Step 3 meeting was held on October 18, 2018.

37. On October 31, 2018, Rice issued his Step 3 grievance response, which of course found no racial bias or discrimination by CCS.

Renardo Robertson
8514 66th Pl NE
Marysville, Washington 98270
(425) 737-5465

In this response, Rice falsely accused Plaintiff of subjecting Polly to a hostile work environment. This accusation was never explained to him in any detail, and, upon information and belief, was never investigated. Plaintiff was never interviewed about it, and, upon information and belief, no one else was interviewed about it either. Polly never complained or objected to Plaintiff about any mistreatment from or by Plaintiff.

38. Plaintiff's grievance proceeded through Step 4 in November 2018. After management did not respond to attempts to schedule a mediation; Plaintiff decided to return to WSHRC to pursue his Charge of Discrimination there.

39. On or about December 5, 2018, Plaintiff contacted WSHRC to find out why his Charge of Discrimination had not yet been amended. WSHRC prepared an amended complaint that day, which Plaintiff signed, and which was filed as an amendment to his August 3, 2018 Charge of Discrimination.

40. On December 19, 2018, Plaintiff's August 3, 2018 Charge of Discrimination was dually filed with the U.S. Equal Employment Opportunity Commission (EEOC) as EEOC Charge No. 38G-2019-00100 (FEPA No. 31ERZ-0379-18-9).

41. Upon information and belief, EEOC notified CCS via U.S. Mail about Plaintiff's August 3, 2018 Charge of Discrimination on or about December 19, 2018, but WSHRC did not.

42. On January 2, 2019, Plaintiff sent a copy of his August 3, 2018 WSHRC Charge of Discrimination to Reichert, Williams, Rice, Price, and his union representative. Price finally contacted him that same day to schedule a mediation.

43. Upon information and belief, WSHRC mailed a Notice of Discrimination regarding Plaintiff's August 3, 2018 Charge of iscrimination

Renardo Robertson
8514 66th Pl NE
Marysville, Washington 98270
(425) 737-5465

to CCS on or about January 2,

2019, but WSHRC mailed it to the wrong address. The Notice was returned to WSHRC and then re-mailed on or about January 17, 2019, to the correct mailing address.

44. Price later canceled the Step 4 mediation and then did not respond to Plaintiff's attempts to reschedule it. After four months of not being able to schedule the Step 4 mediation, Plaintiff eventually withdrew his grievance, on March 18, 2019.

45. Meanwhile, on or about March 8, 2019, Polly had resigned from her employment at CCS. That same day, Hurley posted the opening for SSVF Case Manager (Polly's position).

46. On April 3, 2019, an applicant interviewed for the posted SSVF Case Manager position and passed the background and references checks. Later that month, the applicant was told that the position was on hold.

47. Toward the end of April 2019, Hurley began yelling at Plaintiff and humiliating him in front of his coworkers about insignificant things. This occurred on numerous occasions, including April 23-24, 2019, May 15, 2019, and May 22-23, 2019.

48. On May 8, 2019, Hurley told Plaintiff that the open position was on hold because there was not enough work to do in Snohomish County to justify having two SSVF Case Managers, even though the program at that time was understaffed. At that time, Hurley began talking about a possible reduction in force (RIF) that could eliminate Plaintiff's position in Snohomish County.

49. On May 17, 2019, Plaintiff and Hurley talked again about a possible RIF.

50. On May 20, 2019, Plaintiff completed an intake questionnaire for WSHRC, in which he alleged race discrimination, retaliation,

PLAINTIFF'S PRETRIAL STATEMENT
Page - 13

Renardo Robertson
8514 66th Pl NE
Marysville, Washington 98270
(425) 737-5465

discrimination based on his veteran status, and

failure to accommodate his disability (hypertension), which was being aggravated or

exacerbated by the stress of the race discrimination and retaliation. *Inter alia*, Plaintiff

stated: "I believe the CCS NW Leadership is retaliating against me by eliminating my

position for participating in a protected activity from a previous WSHRC complaint that

has not been investigated since I received my charge letter in December 2018."

51. On May 21, 2019, Plaintiff wrote to Hurley, Spaulding, Reichert, Rice, Williams,

Tacoma Housing Services Director Alan Brown, and CCS SW Director Denny

Hunthausen, asking questions and expressing concerns about his apparent and imminent

layoff.

52. On or about May 22, 2019, Plaintiff submitted and filed his Charge of

Discrimination with WSHRC.

53. On May 23, 2019, Plaintiff complained to Price and Williams about Hurley

subjecting him to a hostile work environment by yelling at him in front of his coworkers.

54. On or about May 30, 2019, Plaintiff and his union representative Amy Yount met

with Rice. Rice told them the hiring for SSVF Case Manager was on hold because the

entire SSVF program was on hold in Snohomish County. Rice added that the grant for

Snohomish County had never been submitted. Upon information and belief, there were

no changes to the SSVF program in any other county.

55. On June 3, 2019, Plaintiff filed another union grievance alleging hostile work

environment and retaliation with respect to Hurley's treatment of him in particular. He

asked in the grievance to be removed from Hurley's supervision of him.

56. That same day, on June 3, 2019, Plaintiff had to take

Renardo Robertson
8514 66th Pl NE
Marysville, Washington 98270
(425) 737-5465

several more days off of work due to the extreme stress caused by the discrimination and retaliation against him at work. Plaintiff's stress became so overwhelming that he slipped into a downward spiral with depression, anxiety, and alcohol abuse and had to undergo treatment for several weeks, per doctor's note.

57. On June 17, 2019, Plaintiff complained to Reichert about discrimination, an abusive working environment, and retaliation. He also asked Reichert about his employment status and the future of the program and his position and also reported his concerns about Hurley having misappropriated SSVF funds.

58. The very next day, on June 18, 2019, Rice emailed Snohomish County officials and announced that CCS would not be renewing the contract for the SSVF Program in Snohomish County, which meant Plaintiff would be out of a job. This was despite the fact that CCS had already completed and submitted its renewal paperwork for this contract on or before February 22, 2019.

59. On June 25, 2019, Plaintiff, *pro se*, went to EEOC and completed an intake questionnaire, at which time EEOC informed him that a Charge of Discrimination had already been filed by WSHRC on June 18, 2019. Upon information and belief, this June 18, 2019 Charge of Discrimination was the same one Plaintiff had submitted to WSHRC on or about May 22, 2019.

60. EEOC then filed a Charge of Discrimination on his behalf, alleging race discrimination, hostile work environment, and retaliation. The Charge was labeled with the EEOC Charge No. 38G-2019-00100 (FEPA No. 31ERZ-0379-18-9), which is the same Charge number as the August 3, 2018 Charge. Upon information and belief, CCS was notified of this new submission on the same day or

Renardo Robertson
8514 66th Pl NE
Marysville, Washington 98270
(425) 737-5465

within a few days thereafter.

61. On July 1, 2019, on the day Plaintiff returned to work from his medical leave, Plaintiff received notice from Rice that his job was being eliminated effective September 30, 2019. Plaintiff then received the official layoff letter dated July 3, 2019 from Price detailing the terms of his layoff.

62. CCS did not provide Plaintiff with a reason for the layoff, other than stating that CCS would no longer receive SSVF funding for his position after the end of the fiscal year.

63. Snohomish County was the only county affected by the layoff or reduction in force. All other counties participating in the SSVF Program through CCS were still slated to continue their contracts and funding.

64. Plaintiff was the only employee impacted by this program change and RIF.

65. That same month, Plaintiff's therapist ordered him to start working half days, no more than four hours a day, due to extreme job stress.

66. Plaintiff expressed his interest in securing a different position with CCS, but CCS did not give Plaintiff an opportunity to secure other SSVF or veterans service positions, for which Plaintiff is uniquely knowledgeable, well suited, and well qualified. Management kept promising they were working on a "transition plan" but never made any efforts to place Plaintiff into a position for which he was well suited.

67. On or about July 8, 2019, Plaintiff notified both the EEOC and WSHRC investigators about the layoff notice.

68. EEOC immediately issued a Right to Sue after that, which Plaintiff received on or about July 15, 2019. The Right to Sue Notice was labeled

Renardo Robertson
8514 66th Pl NE
Marysville, Washington 98270
(425) 737-5465

with the EEOC Charge No. 551-2019-02762.

69. That same day, on July 15, 2019, WSHRC contacted CCS to perform an on-site meeting regarding Plaintiff's allegations of discrimination. Upon information and belief, that meeting was scheduled, canceled, and then never held.

70. On July 16, 2019, a grievance meeting was held with Case and McAlpine. Case issued a Step 1 grievance response on July 29, 2019. In response, on July 30, 2019, Plaintiff again withdrew his union grievance and told Case and Price he intended to take his concerns up with the EEOC instead.

71. In early August 2019, Plaintiff found out that CCS had in fact received funding for the SSVF program in Snohomish County on August 5, 2019, for the following fiscal year (2019-2020). Despite this fact, CCS never reversed its decision about ending the SSVF program in Snohomish County.

72. On August 23, 2019, Plaintiff emailed Case, copying Spaulding, Rice, Williams, and Barrett, and asked if his layoff would be rescinded in the event the VA was unable to find another organization to operate the SSVF program in Snohomish County, in order to prevent uninterrupted service to Veterans. Rice responded, "the answer is no."

73. Pulling the SSVF program from Snohomish County means that not only will Plaintiff, who has a wife and three children, be out of a job, but also that hundreds of veterans and their families will be displaced and without housing assistance.

74. After finding out that CCS did in fact secure a grant for the SSVF program in Snohomish County but still had no intention of operating that program in Snohomish County, Plaintiff reaffirmed and reiterated to CCS his resolve to continue serving Veterans in Snohomish County. Management already knew

Renardo Robertson
8514 66th Pl NE
Marysville, Washington 98270
(425) 737-5465

about Plaintiff's particular passion for and unwavering commitment to serving Veterans

and about his desire to continue doing this same type of work. Plaintiff is uniquely

knowledgeable about Veterans and the military and is uniquely qualified to

serve Veterans; this is the type of work he does and has always done. Plaintiff remains

determined to continue working in this capacity.

75. On or about September 19, 2019, CCS tried to trick Plaintiff into saying he was

voluntarily resigning from his job at CCS, which he did not do and which was not the

case.

76. On or about September 30, 2019, Plaintiff received a written Notice of Right to

Sue from WSHRC for Charge Nos. 31ERZ-0379-18-9 and 17EVZ-0774-18-9.

***Other African-American and Minority Employees Faced Similar Discrimination at
CCS***

77. During his employment at CCS, since at least 2015 when Barrett began working

there, Plaintiff observed a pattern and practice of CCS attempting to get rid of its

minority employees.

78. Several other minority employees also complained to CCS about race

discrimination at CCS.

79. In October to December of 2017, Tewana Martin, an African-American Case

Manager in CCS's Tacoma office, complained about race discrimination after being

denied the opportunity to secure a Lead position. Ms. Martin alleged that CCS told her it

did not have the funding for Lead positions—and then selected a Caucasian employee for

a Lead position. She also complained about disparate treatment with regard to work

hours.

Renardo Robertson
8514 66th Pl NE
Marysville, Washington 98270
(425) 737-5465

80. Ms. Martin and Plaintiff later learned that the Caucasian selectee for the lead position had given Spaulding a time share in Hawaii in or before December 2017.

81. On or about April 9, 2018, Ms. Martin complained to Williams at CCS about race discrimination. Then, on or about May 23, 2018, she filed a Charge of Discrimination with WSHRC. Ms. Martin listed Plaintiff in her WSHRC Intake Questionnaire as a witness to the race discrimination at CCS and as one of several African-American employees who were also discriminated against because of race.

82. On or about October 10, 2018, Ms. Martin resolved her discrimination claims against CCS in a formal settlement agreement with the help of WSHRC. Pursuant to its WSHRC settlement agreement, CCS agreed not to retaliate against anyone who participated in WSHRC's proceeding.

83. Shortly after Ms. Martin's dispute was resolved, CCS implemented a freeze on Lead positions across the board.

84. Jennifer Bush, another African-American Case Manager in Tacoma, had asked about completing an internship, but CCS denied her request. This was in contrast to Polly, who was allowed to complete an internship during work hours. Ms. Bush also complained to Spaulding about race discrimination at CCS.

85. Latonya Rock, another African-American former employee of CCS, also endured some sort of trauma as a result of race discrimination she endured at CCS. Ms. Rock left CCS in the Fall of 2018 and had emotional difficulties maintaining subsequent employment, due to the extreme stress caused by her experience at CCS.

86. In February 2017, African-American employee Appollonia Gaines was discriminated against by Barrett and Caucasian supervisor

Renardo Robertson
8514 66th Pl NE
Marysville, Washington 98270
(425) 737-5465

Troy Wall. Ms. Gaines and Wall were coworkers until Wall was promoted over her and became her supervisor. Ms. Gaines complained about being intimidated and belittled by Barrett and Wall and, shortly thereafter, she was compelled to resign.

87. In 2016, James Lockhart, another former African-American employee of CCS, filed a union grievance against CCS alleging race discrimination. Mr. Lockhart was subsequently retaliated against and terminated from his employment. Meanwhile, a Caucasian employee received an oral warning for the same type of allegation for which Mr. Lockhart was terminated.

88. In 2015, Hispanic employee Joe DeLuna was terminated after having difficulty being overloaded with work under Barrett's management. African-American CCS employee Delmar Algee may also have been discriminated against at CCS because of his race.

## ISSUES OF LAW

On February 16, 2021, Robertson through Counsel filed a Motion to Compel discovery, no ruling has been made on this motion.

On February 25, 2021, the Defendant filed a Motion for Independent Medical Examination for Plaintiff. Plaintiff responded to this motion on March 4, 2021. No ruling has been made on this motion.

On March 18, 2021 a motion for Summary Judgement was filed by the Defendant. No ruling has been made on this motion.

On April 5, 2021 Plaintiff filed a motion to proceed *Pro Se*. No ruling has been made on this motion

Renardo Robertson
8514 66th Pl NE
Marysville, Washington 98270
(425) 737-5465

Rodney R. Moody as Counsel for Robertson filed a motion seeking to withdraw, no ruling has been made on this motion.

## WITNESSES

On behalf of the Plaintiff:

1. Renardo Robertson – 8514 66th Pl NE, Marysville, WA. 98270 May be contacted through undersigned counsel. He is the Plaintiff in this case. He has information about all the claims and allegations in the Complaint; will testify.

2. Donna Robertson – 8514 66th Pl NE, Marysville, WA. 98270 May be contacted through undersigned counsel. She is the Plaintiff's wife and a part of the marital community which is also a plaintiff in this case. She has information about the claims and allegations in the Complaint, including but not limited to details about Plaintiff Renardo Robertson's economic and emotional damages resulting from Defendant's discrimination and retaliation against him. Will testify.

3. Michael Reichert CCS President – 100 23rd Ave S, Seattle, WA. 98144 Will be contacted through defense counsel. He has information about Plaintiff's job performance and awards and recognition; the culture, work environment, and treatment of Plaintiff at CCS; Plaintiff's complaints of discrimination and retaliation; grievances filed and grievance proceedings against CCS; CCS financial audits; SSVF program funding and grants ; and Plaintiff's layoff from CCS; will testify

4. Will Rice CCS Vice -President/Regional Chief of Operations/Agency Director -100 23rd Ave S, Seattle, WA. 98144. Will be contacted through defense counsel. He has information about the culture, work environment, and treatment of Plaintiff at CCS; Plaintiff's complaints of discrimination and retaliation;

Plaintiff's grievances filed and grievance proceedings against CCS; Plaintiff's charges of discrimination filed with WSHRC and/or EEOC; SSVF program funding and grants; CCS and SSVF operations; and Plaintiff's layoff from CCS; will testify

5. Patti Spaulding -Klewin SSVF Program Manager – 100 23rd Ave S, Seattle, WA. 98144. Will be contacted through defense counsel. She has information about Plaintiff's requests to become a Lead Case Manager ; Plaintiff's complaints of discrimination and retaliation; SSVF program funding and grants; and Plaintiff's layoff from CCS, will testify.

6. Rita Jo Case CCS Assistant Housing Director – 100 23rd Ave S, Seattle, WA. 98144. Will be contacted through defense counsel. She has information about Plaintiff's complaints of discrimination and retaliation; Plaintiff's grievances filed and grievance proceedings against CCS; Plaintiff's charges of discrimination filed with WSHRC and/or EEOC; SSVF program funding and grants; and Plaintiff's layoff from CCS; will testify.

7. Sarah Jane Barrett CCS Northwest Housing Director - 100 23rd Ave S, Seattle, WA. 98144. Will be contacted through defense counsel. She was the supervisor of Plaintiff's supervisor, Kelli Jo Hurley. She has information about Plaintiff's requests to become a Lead Case Manager; the culture, work environment, and treatment of Plaintiff at CCS ; SSVF program funding and grants; and Plaintiff's layoff from CCS.

8. Cindy Price CCS Human Resources Manager - 100 23rd Ave S, Seattle, WA. 98144. Will be contacted through defense counsel. She has information about Plaintiff's requests to become a Lead Case Manager; the culture, work environment, and treatment of Plaintiff at CCS; Plaintiff's complaints of discrimination and retaliation; Plaintiff's grievances filed and grievance proceedings against CCS;

Renardo Robertson
8514 66th Pl NE
Marysville, Washington 98270
(425) 737-5465

Plaintiff's charges of discrimination filed with WSHRC and/or EEOC; and Plaintiff's

layoff from CCS; will testify.

9. Kim Williams CCS Vice-President of Human Resources - 100 23rd Ave S, Seattle,

WA. 98144.  Will be contacted through defense counsel. She has information about the

culture, work environment, and treatment of Plaintiff at CCS; Plaintiff's complaints of

discrimination and retaliation; any actions taken by CCS in response thereto; Plaintiff's

grievances filed and grievance proceedings against CCS; any actions taken by CCS in

response thereto; Plaintiff's charges of discrimination filed with WSHRC and/or EEOC;

actions taken or statements made by CCS in connection therewith; any efforts or events at

CCS to address diversity, race, retaliation, or cultural concerns; any workplace trainings

or investigations regarding diversity, race, retaliation, or cultural concerns; race

discrimination and/or retaliation complaints or concerns lodged or raised by other

minority employees at CCS; any actions taken by CCS in response thereto; SSVF

program funding and grants; and Plaintiff's layoff from CCS.

10. Alan Brown CCS Housing Services Director in Tacoma - 100 23rd Ave S, Seattle,

WA. 98144.  Will be contacted through defense counsel. He has information about

Plaintiff's complaints of discrimination and retaliation at CCS; financial audits;

leadership agreements; SSVF operations and CARF accreditation; and Plaintiff's layoff

from CCS.

11. Shawn Miller CCS Human Resources Talent Manager - 100 23rd Ave S, Seattle, WA.

98144. Will be contacted through defense counsel. S/he has information about Plaintiff's

layoff from CCS; the layoff notice to Kathy Batrack; Ms. Batrack's transfer from the

Rapid Re-Housing Program; and communications regarding

Renardo  Robertson
8514 66th Pl NE
Marysville, Washington 98270
(425) 737-5465

that layoff notice and transfer.

12. Kelli Jo Hurley Former SSVF Program Supervisor at CCS Plaintiff's former supervisor at CCS. May be contacted through undersigned counsel. She has information about Plaintiff's job performance, attendance, and evaluations ; Plaintiff's complaints of discrimination and retaliation; Plaintiff's grievances filed and grievance proceedings against CCS; Rhonda Polly's job performance, attendance, work and school schedules, time sheets, qualifications, skills, experience, and evaluations; her own treatment of, and work assignments to and as between, Plaintiff and Polly; Plaintiff's complaints of discrimination and retaliation; the culture, work environment, and treatment of Plaintiff at CCS; Polly's separation from employment at CCS; the opening and recruiting and hiring for the SSVF Case Manager position; SSVF program funding and grants; SSVF operations in Snohomish County and the Everett office; and Plaintiff's layoff from CCS, will testify.

13. Mary Wahl Former SSVF Housing Manager - 100 23rd Ave S, Seattle, WA. 98144. She was Plaintiff's supervisor. Will be contacted through defense counsel. She has information about Plaintiff's work performance and evaluations; Plaintiff's requests to become a Lead Case Manager; the hiring of Rhonda Polly; and SSVF funding and grants, **will testify.**

14. Rhonda Polly Former SSVF Case Manager at CCS Compass Health Mount Vernon, WA. Caucasian comparator. May be contacted through undersigned counsel. Plaintiff's former fellow SSVF Case Manager in Snohomish County, at the Everett office of CCS. She has information about Plaintiff's complaints of discrimination and retaliation ; SSVF Case Manager job duties and job description ; training at

Renardo Robertson
8514 66th Pl NE
Marysville, Washington 98270
(425) 737-5465

CCS; Kelli Jo Hurley's treatment of Plaintiff and herself; her own experience, skills, and qualifications for the SSVF Case Manager position ; her own experience working with veterans ; her own work and school schedule and practice with CCS time sheets; Plaintiff's workload and job duties; and working with Plaintiff; the culture, work environment, and treatment of Plaintiff at CCS; and her own separation from employment at CCS, will testify.

15. Mary Giles CCS Human Resources Generalist – 100 23rd Ave S, Seattle, WA. 98144. Contact made through CCS.  She has information about Plaintiff's medical leave related to his emotional distress and resulting health condition(s), will testify.

16. Kathy Batrack CCS - Permanent Support Housing Program (PSH) employee - 100 23rd Ave S, Seattle, WA. 98144.  Will be contacted through defense counsel. Caucasian comparator, she has information about the Rapid Re -Housing Program ; a harassment complaint brought against her by coworker Pam McLaughlin ; any CCS investigations into that matter ; her own layoff and procedures and practices related thereto; and her own transfer to a new position for CCS. Will testify.

17. Danielle Gentry CCS - PSH Supervisor - 100 23rd Ave S, Seattle, WA. 98144.  Will be contacted through defense counsel. She has information about the layoff notice to Kathy Batrack; Ms. Batrack's transfer from the Rapid Re -Housing Program ; and communications regarding that layoff notice and transfer, will testify.

18. Josh Johnson CCS Facilities employee - May be contacted through undersigned counsel. Also works as Facilities Supervisor at Everett School Caucasian comparator. He has information about his own work experience at CCS ; his disciplinary record; and his job performance and level of compliance with CCS rules

Renardo  Robertson
8514 66th Pl NE
Marysville, Washington 98270
(425) 737-5465

and policies, will testify.

20. Damien James CCS employee, former Facilities Supervisor CCS Seattle Regional Building - 100 23rd Ave S, Seattle, WA. 98144.  Will be contacted through defense counsel.  He is Josh Johnson's supervisor. He has information about Josh Johnson's disciplinary record; Johnson's job performance and level of compliance with CCS rules and policies; and his own disciplinary record and transfer to a different facility, will testify.

21. Whitney Summers CCS Veteran Lead Navigator - 100 23rd Ave S, Seattle, WA. 98144.  Will be contacted through defense counsel.  Caucasian comparator, she has information about her own experience, skills, qualifications, recruiting, hiring, training, and promotions at CCS; her own promotion at CCS; and her own disciplinary record and treatment at CCS, will testify.

22. Neil Collins Current or former CCS employee Yakima, WA. May be contacted through undersigned counsel. Caucasian Comparator, he has information about his own treatment at CCS and the treatment of other employees at CCS; his own workplace complaint ( s ); the investigation into his complaint ( s ) by CCS; and his own transfer to a different job and/or facility within CCS. Will testify.

23. Tewana Martin Current or former CCS Case Manager in Tacoma - 100 23rd Ave S, Seattle, WA. 98144.  Will be contacted through defense counsel.  She has information about her own work experience and the race discrimination against her at CCS; the damages caused as a result thereof; her own complaints about the same; her own administrative charges filed with WSHRC and/or EEOC about the same; her efforts to secure a Lead case management position at CCS; the

Renardo Robertson
8514 66th Pl NE
Marysville, Washington 98270
(425) 737-5465

selection process for and policies and practices regarding Lead Case Managers at CCS; the discrimination and retaliation against Plaintiff and other minority employees at CCS; the complaints and charge s lodged or filed by Plaintiff and other minority employees at CCS; and the resolution of her own race discrimination claims against and disputes with CCS. Will testify

24. LaTonya Rock Former CCS employee 5050 S. Tacoma Way Tacoma, WA 98409 - May be contacted through undersigned counsel. She has information about her own work experience and the race discrimination against her at CCS; the damages caused as a result thereof; her own complaints about the same; and her separation from employment at CCS. Will testify.

25. LueRachelle Brim -Atkins The Diversity Collaborative 2616 East Thomas St. Seattle, WA 98112. May be contacted through undersigned counsel.  She was the facilitator for a diversity and cultural awareness event held at CCS. She has information about Plaintiff's complaints of race discrimination and retaliation; complaints of race discrimination and retaliation made by numerous other CCS employees; any investigations undertaken, events held , or other measures taken at CCS in relat ion thereto; and communications with CCS related thereto. Will testify.

26. Hannah Fishman SEIU 1199NW Representative – 15 South Grady Way, Ste 200, Renton, WA. 98057.  May be contacted through undersigned counsel.  She has information about Plaintiff's complaints of discrimination and retaliation; Plaintiff's grievances filed and grievance proceedings against CCS; and any actions taken by CCS in response thereto. She may also have information about Plaintiff's charges of discrimination filed with WSHRC and/or EEOC; agency

Renardo  Robertson
8514 66th Pl NE
Marysville, Washington 98270
(425) 737-5465

investigations undertaken in response thereto ; complaints of race discrimination and/or retaliation made by other CCS employees ; Plaintiff's job benefits; Plaintiff's layoff from CCS; SSVF program funding and grants; and SSVF program operations at CCS. Will testify.

27. Sharon Ortiz Executive Director, WSHRC 711 S. Capitol Way, Ste. 402 Olympia, WA 98504 -2490. May be contacted through undersigned counsel.  She has information about Plaintiff's complaints of discrimination and retaliation, and any and all facts and allegations contained therein or related thereto ; Plaintiff's charges of discrimination filed with WSHRC and/or EEOC; agency investigations undertaken in response thereto; actions taken or statements made by CCS in connection therewith; and charges of discrimination filed by other minority employees at CCS. Will testify.

28. Cammy Hart -Anderson Snohomish County, Housing and Community Services, Division Manager- 3000 Rockefeller Ave, M/S 305, Everett, WA. 98201. May be contacted through undersigned counsel.   She may have information about SSVF program and grant and funding in Snohomish County; CCS's grant applications, awards, renewals, and history in relation thereto; communications related to the funding and administration and closing of the SSVF Program in Snohomish County; designation, distribution , and use of funds within the SSVF program. Will testify.

## EXHIBITS

1.  Complaint for Damages and Further Relief

2.  2017 Performance Review of Robertson, issued January 2018

3.  2017 Performance Review of Polly, issued 2017

4.  Resume of Polly submitted to CCSWW

Renardo Robertson
8514 66th Pl NE
Marysville, Washington 98270
(425) 737-5465

5. Letter from Kim Williams to Robertson, Re: Step 2 Employee Grievance dated 18, 2018.

6. Letter from Will Rice to Hannah Fishman, Re: Step 2 Grievance Response dated October 31, 2018

7. SSVF -CCSWW grant agreement date October 1, 2019

8. Polly's Letter of Resignation

9. Robertson's Mental Medical Records for 2018, 2019, 2020

10. Position Description of Polly, issued 2016

11. CCSWW-SEIU1199 Bargaining Contract Agreement 2018-2021

12. Email to Michael Reichert from Robertson dated June 20, 2018

13. Email from Robertson to Kim Williams dated September 11, 2018

14. Email from Robertson to Mary Wahl dated October 19, 2017

15. Email from Sarah to Robertson dated November 21, 2017

16. Email from Price to Robertson dated December 5, 2017

17. Email to Michael Reichert from Robertson dated June 17, 2019

18. Email to Cindy Price from Robertson on January 2, 2019

19. Email from Rice to Robertson on July 3, 2018

20. Email to Rice from Robertson on August 17, 2018

21. Email from Williams to Robertson and Hannah Fishman dated August 19, 2018

22. Email from Williams to Robertson and Hannah Fishman dated August 22, 2018

23. SEIU Employee Grievance filed by Robertson date June 19, 2018

24. Email from Bill Schmidt to Denny Hunthausen dated January 16, 2020

25. EEOC Notice of Suit Rights dated July 15, 2019

26. EEOC Charge of Discrimination dated June 25, 2019

PLAINTIFF'S PRETRIAL STATEMENT
Page - 29

Renardo Robertson
8514 66th Pl NE
Marysville, Washington 98270
(425) 737-5465

27. Email from Cindy Price to Robertson dated May 23, 2019

28. Email from Cindy Price to Robertson dated May 30, 2019

29. Copy of Notice of Charge of Discrimination dated December 19, 2018

30. Email from Will Rice to Jackie Anderson and Cammy-Hart dated June 18, 2019

31. Deposition Transcripts of Michael Reichert

32. CCSWW Business Record of meeting CCSWW000123 dated September 5, 2019

33. CCSWW Business Record of meeting CCSWW000577 dated November 27, 2018

34. CCSWW October 2018 Non-Compliance Agreement with Human Rights Commission

35. November 2019 Email from Spaulding to Rice (SSVF Transition)

36. Deposition Transcripts of Will Rice

37. Deposition Transcripts of Sarah Barrett

38. Deposition Transcripts of Patti Spaulding-Kleiwin

39. Motion for Summary Judgement Declaration of Cindy Price

40. Cindy Price's Exhibit G Motion for Summary Judgement

41. Michael Reilly's Exhibit A Motion for Summary Judgement

42. Joshua Johnson CCSWW formal disciplinary report

43. Email from Shawn Kendall to Hart-Anderson, Cammy dated April 17, 2019

44. Copy of TFA-By County- Monthly spending

45. Layoff Notice to Robertson issued by Cindy Price dated July 3, 2019.

46. September 2019 Letter from Representative John Lovick to Veterans Administration

47. May 21, 2019 Email from Robertson to CCSWW President Michael Reichert

Renardo Robertson
8514 66th Pl NE
Marysville, Washington 98270
(425) 737-5465

1

2

<u>CERTIFICATE OF SERVICE</u>

3

4

I DECLARE UNDER PENALTY OF PERJURY OF THE LAWS OF THE

5

STATE OF WASHINGTON, I SERVED THE FOREGOING DOCUMENTS TO OPPOSING

6

COUNSEL VIA U.S. POSTAL MAIL SERVICE ON ALL PARTIES OR THEIR COUNSEL

7

8

OF RECORD.

9

DATED this 5th day June 2021.

10

D Michael Reilly: 1420 Fifth Ave, Ste 4200, P.O. Box 91302, Seattle, WA. 98111-

11

9402

12

Shirley S Lou Magnuson: 1420 Fifth Ave, Ste 4200, P.O. Box 91302, Seattle, WA.

13

98111-9402

14

Riley R Moyer: 1420 Fifth Ave, Ste 4200, P.O. Box 91302, Seattle, WA. 98111-9402

15

Rodney Moody: 2707 Colby Ave, Ste 603, Everett. WA. 98201

16

17

18

19

20

By: _____

21

Renardo Robertson

*renardoroberston@yahoo.com*

22

*Plaintiff Pro Se*

23

24

25

26

PLAINTIFF'S PRETRIAL STATEMENT
Page - 31

Renardo Robertson
8514 66th Pl NE
Marysville, Washington 98270
(425) 737-5465

